(Nos. 80-CC-0395, 80-CC-0396, 80-CC-0604—▮▮▮)

ILLINOIS BELL TELEPHONE Co., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed June 25, 1982.*

CHARLES G. HOLLIS, for Claimant.

TYRONE C. FAHNER, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

This cause having come on to be heard on the petitions of the Claimant for rehearings on these three claims and the objections thereto filed by the Respondent, due notice having been given, and the Court being advised in the premises;

On November 9, 1981, an opinion was filed granting Respondent's motion to dismiss these claims. It was based upon the showing that each claim involved instances where the Department overspent its budget. An insufficient amount of monies appropriated for such obligations had lapsed.

As grounds for rehearing Claimant asserted that the Court erred in not finding that there was "express authority of law" to pay these claims. Claimant cited section 55a of the Civil Administrative Code (Ill. Rev. Stat., ch. 127, par. 55a), as such authority. It provides in part as follows:

"§55a. The Department of Law Enforcement shall have the following powers and duties, and those set forth in Sections 55a-1 through 55a-6:

. . .

6. To (a) acquire and operate one or more radio broadcasting stations in the State to be used for police purposes, (b) *operate a statewide communications network to gather and disseminate information for law enforcement agencies*, (c) operate an electronic data processing and computer center for the storage and retrieval of data pertaining to criminal activity, (d) *undertake such other communication activities as may be required by law.*" (Emphasis supplied by Claimants.)

Claimant stated that the telephone services it provided the Department of Law Enforcement are within the purview of the statute and the language of *Fergus v. Brady*, 277 Ill. 279, the case which recognized the exception. Claimant argues that the Department could not provide the communications network or undertake other communication activities without the telephone services provided by Claimant.

We find that the services provided by Claimant were not expressly required by law. *Fergus v. Brady* defined "express authority" as that:

"which confers power to do a particular, identical thing set forth and declared exactly, plainly and directly, with well defined limits, and the only exception under which a contract exceeding the amount appropriated for the purpose may be valid is where it is so expressly authorized by law. An express authority is one given in direct terms, definitely and explicitly, and not left to inference or to implication, as distinguished from authority which is general, implied or not directly stated or given." *Supra*, 279.

From the bills of particulars filed in these claims we note that the specific services for which payment is sought include: No. 80-CC-0395—monthly service charges, service order charges, connection charges, premise visit, call director and equipment for the month of June 1978, totalling $120.44; No. 80-CC-0396—local service on burglar alarm circuit for the months of April, May, and June 1978; and No. 80-CC-0604—monthly service billing due June 16, 1977, in the amount of $22.50. There is nothing about these types of services which involve any urgency such as the feeding and clothing of prisoners, the example used by the court in *Fergus v. Brady*. The statute cited by Claimant does not specifically and expressly state that the Department of Law Enforcement had to utilize these ordinary services.

The statute cited by Claimant is not so explicit as to bring the charges which are the subject of this claim within the language of *Fergus v. Brady*. Said statute is found in the Civil Administrative Code. It is general in nature. Authority for nearly all expenditures of State funds may be found in the Civil Administrative Code. The Code creates various departments of State government. The particular section cited by Claimant sets forth in general the powers and duties of the Department of Law Enforcement. If we were to accept the interpretation urged by Claimant we would in effect be lifting all

limits on the expenditure authority of the Department of Law Enforcement in the area of communications. The provisions of our constitution and statutes cited in our previous opinion mandate otherwise. The appropriations process is the means by which the legislature controls the expenditure of State funds. The "express authority" exception is extremely narrow and we must be careful to apply it only to those circumstances clearly falling within the language of *Fergus v. Brady.*

Claimant's petition for rehearing is hereby denied.